UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20541-BLOOM/Otazo-Reyes

FRANCISCO RODRIGUEZ CRUZ,

    Plaintiff,

v.

MCLINDON,
business owner

BELL,
employee

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On February 9, 2023, Plaintiff Francisco Rodriguez Cruz ("Plaintiff") filed a Complaint, ECF No. [1], and an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed *in Forma Pauperis*"), ECF No. [3]. Plaintiff, a *pro se* litigant, has not paid the required filing fee, and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The Court must first assure itself that it has subject matter jurisdiction. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). As such, a "district court may act *sua sponte* to

address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 410 (alteration added).

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Under 28 U.S.C. § 1331, district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

Plaintiff, proceeding *pro se*,[1] has filed his Complaint with the Court and alleged that "mrs mclindon does not allow visits any other day but Saturday and feeds non kosher food to the patients

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (internal citation and quotation marks omitted).

Case No. 23-cv-20541-BLOOM/Otazo-Reyes

even after being told of the diet restrictions" and "mrbell was the attendant seen February 7 2023 and did not let me finish cutting my mothers nails before saying I had to be back Saturday during shabbas[.]" *See* ECF No. [1] at 2. Plaintiff has not alleged a violation of a federal statute or constitutional provision prohibiting discrimination on the basis of religion or requiring the accommodation of religious practices. There is no assertion of jurisdiction in the Complaint. Because Plaintiff has not articulated jurisdiction under a specific statutory grant, federal question jurisdiction, and does not assert that diversity jurisdiction exists, the Court lacks subject matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This Case is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion to Proceed *in forma Pauperis*, **ECF No. [3]**, is **DENIED as moot**.
3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 10, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Francisco Rodriguez Cruz
15605 SW 295 Terrace
Homestead, FL 33033
Pro Se